## Johnson v. State Athletic Commission, etc.

*Sol Hurwitz* and *Bellwoar & Rich,* for petitioner.

*Ralph B. Umsted,* Deputy Attorney General, for Commonwealth.

RICHARDS, P. J., February 14, 1949.—This is a mandamus proceeding in which plaintiff sought to compel defendant to issue to her a license to manage professional boxers and wrestlers. The complaint averred that plaintiff had tendered the required fee but that defendant had refused said license. It further averred that under the law plaintiff is entitled to said license and that the refusal thereof was arbitrary.

The answer of defendant admits the tender of the fee and the refusal of the license. Such refusal was predicated primarily upon the theory that public policy required the refusal of a license to a female manager.

The case came on for hearing, at which time testimony was adduced by both parties. At a later date a stipulation was filed by counsel in which it was admitted that defendant had issued, in the meantime, licenses for female persons to participate in wrestling matches or exhibitions. With the record in this state the case came before the court on argument.

In view of the licensing of female wrestlers, defendant found itself in the position of not being able to justify the refusal of a license to a female manager of boxers and wrestlers. The matter was not pressed and no brief was filed.

These developments, in the absence of any constitutional questions, leave the court with no resource other than to grant the prayer of the complaint.

*Order*

And now, to wit, February 14, 1949, for the reasons heretofore given, the State Athletic Commission of the Commonwealth of Pennsylvania is hereby directed to issue to plaintiff, Vivian Johnson, a license entitling her to manage professional boxers and wrestlers.